UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEXTERA ENERGY MARKETING,
LLC,

                                    Plaintiff,

                    -v-

EAST COAST POWER & GAS, LLC,
                                    Defendant.

---

20-CV-7075 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Defendant East Coast Power & Gas, LLC ("East Coast Power") moves to vacate the default judgment issued against it on October 20, 2020 as void for insufficient service of process.[1]  Plaintiff NextEra Energy Marketing, LLC ("NextEra") opposes.  For the reasons that follow, East Coast Power's motion is denied.

## I.     Background

NextEra filed its complaint on August 31, 2020.  (Dkt. No. 1.)  On September 11, 2021, NextEra filed an affidavit of service from process server Ligno Sanchez indicating that Sanchez had served East Coast Power at its company office on September 2, 2020, via Heather McNeil, the Executive Assistant to the CEO.  (Dkt. No. 10.)  According to the affidavit, McNeil stated she was authorized to accept service and is a white woman approximately 5 feet, 7-9 inches tall, around 40-45 years old, and has blonde hair, blue eyes, and weighs roughly 130-160 pounds.  (Dkt. No. 10.)

---

[1] East Coast Power also moves to stay execution of the default judgment pending the outcome of its motion to vacate.  As the Court resolves the motion to vacate with this opinion and order, the motion to stay is denied as moot.

After East Coast Power failed to appear in this case, NextEra moved for default judgment on October 8, 2020.  (Dkt. No. 16.)  According to the affidavit of service, the motion for default judgment was served on October 9, 2020 by process server Christopher Williams, who described serving a Heather "Doe," a secretary who stated she was authorized to accept service, at NextEra's office.  (Dkt. No. 21.)  Williams described Heather "Doe" as a 35-40 year old Hispanic woman with brown hair who weighed 150 pounds and is 5 feet 7 inches tall.  (*Id.*)

Counsel for the parties had "numerous conversations" between October 9 and October 20, 2020, despite no attorney for East Coast Power filing an appearance in the case.  (*See* Dkt. No. 30.)  This Court granted the motion for default judgment on October 20, 2020, and East Coast Power moved to vacate the judgment on November 20, 2020.  (Dkt. No. 22, 24.)

In its motion, East Coast Power filed an affidavit from Heather McNeil, formerly employed by East Coast Power as an executive assistant.  (Dkt. No. 24-3.)  McNeil contends that when Sanchez arrived on September 2, 2020, he first asked for Vincent Palmeri, and after McNeil explained that he was no longer with the company Sanchez asked her if she was "authorized to accept papers and sign on behalf of" East Coast Power.  (Dkt. No. 24-3 ¶¶ 4–5.)  McNeil "told him verbatim that 'I cannot accept anything, I have no authority to accept papers and sign on the company's behalf.'"  (Dkt. No. 24-3 ¶ 5.)  Then, McNeil states, Sanchez left the papers on her desk and left the reception area.  (Dkt. No. 24-3 ¶ 6.)

McNeil explains that she is a 47-year-old African American woman who has "never been described as white" with a "slender build" of 121 pounds, is over 5 feet 10 inches tall, has brown hair with blonde highlights and green eyes.  (Dkt. No. 24-3 ¶ 10.)  McNeil is not an "Executive Assistant to the CEO," as Sanchez's affidavit of service states, as East Coast Power has no CEO. (Dkt. No. 24-3 ¶ 8.)  McNeil was the only Heather who worked at East Coast Power and states

2

"with absolute certainty" that she has never refused to give her last name to anyone, and contends "emphatically" that she never told either process server that she was authorized to accept service.  (Dkt. No. 24-3 ¶ 12.)  East Coast Power's in-house counsel has filed an affidavit stating that McNeil "had absolutely no authority to accept service on behalf" of the company because all employees were "acutely aware" of the fact that only he could accept service.  (Dkt. No 24-4 ¶¶ 4, 6.)

## II.    Legal Standard

Under Federal Rule of Civil Procedure 60(b), a court may vacate a judgment if, *inter alia*, such judgment is void or for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(4), (6). "[A] default judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law.  *Nature's First Inc. v. Nature's First L., Inc.*, 436 F. Supp. 368, 372 (D. Conn. 2006) (citation omitted); *see also Copelco Capital, Inc. v. Gen. Consul of Bol.*, 940 F. Supp. 93, 94 (S.D.N.Y. 1996) ("A court may not properly enter a default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, 'which also means that he must have been effectively served with process.'") (quoting 10 Charles Alan Wright et al., Federal Practice and Procedure: Civil § 2682 (2d ed. 1983))).

A court has "no judicial discretion when considering a jurisdictional question such as the sufficiency of process," but "when confronted with equally reliable but conflicting accounts, courts should resolve any doubts in favor of the party seeking relief."  *Am. Inst. Of Certified Pub. Accountants v. Affinity Card, Inc.*, 8 F. Supp. 2d 372, 375–76 (S.D.N.Y. 1998) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), and *Sony Corp. v. Elm State Elec., Inc.*, 800 F.2d 317, 320 (2d Cir. 1986)).  But "on a motion to vacate a default judgment based on improper service of process where the defaulting defendant had actual notice of the original proceeding but

3

delayed in bringing the motion, the defendant bears the burden of proof to establish that the purported service did not occur." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir. 2005).

## III.   Discussion

East Coast Power contends that NextEra's failure to effect proper service renders the default judgment void under Rule 60(b)(4).  NextEra responds, essentially, that East Coast Power has not met its burden of establishing that service was insufficient, particularly since East Coast Power had actual notice of the suit and the default judgment against it.

The competing facts before this Court are difficult to square: McNeil and process server Sanchez offer widely varying accounts of McNeil's appearance and whether she stated she was authorized to accept service.  Crucially, however, neither party contends that an interaction between them did *not* take place resulting in the papers being left at East Coast Power's offices. Moreover, later communications from East Coast Power's attorney confirm the company was aware of, at least, the pending motion for default judgment.  (*See* Dkt. No. 30.)

"[N]umerous decisions have upheld service where a secretary of receptionist accepted the papers and the corporate defendant in fact received them."  *Arbitron, Inc. v. Marathon Media, LLC*, 2008 WL 892366, at *3 (S.D.N.Y. Apr. 1, 2008) (collecting cases).  In *Arbitron*, the receptionist who allegedly accepted service submitted an affidavit claiming she would not "ever" accept service of process but had "no specific recollection" of the service at issue.  *Id*. at *2.  The court nevertheless found that service had been made because the process server "proceeded in a manner that was reasonably calculated to give defendants notice the suit": going to their offices, speaking to the receptionist, and delivering the papers to her.  *Id*. at *4.  The court noted that the process server executed his affidavit contemporaneously, while the receptionist executed her affidavit denying service months later and could not recall the specific transaction.  *Id*. Ultimately, the court held that service was sufficient because the receptionist's lack of

4

authorization and general practice of not accepting service did not outweigh the process server's specific recollection about the service, particularly given the receptionist's failure to remember the interaction and the fact that she accepted the papers. *Id*. at *5.

And in *Tuebor Reit Sub LLC v. Paul*, this Court found that a receptionist responding to a process server's statement that he had a document to deliver to a defendant by collecting the papers from the server was sufficient to satisfy service.  No. 19 Civ. 8540, 2020 WL 4897137, at *3 n.3 (S.D.N.Y. Aug. 19, 2020) (citing *Fashion Page, Ltd. v. Zurich Ins. Co.*, 50 N.Y.2d 265, 272 (1980)); *see also Old Republic Ins. Co. v. Pacific Fin. Serv. of America, Inc.*, 301 F.3d 54, 57 (2d Cir. 2002) (citing *Fashion Page*, 50 N.Y.2d at 273–74) ("As long as [a] process server's reliance on corporate personnel is reasonable, the defendant may not later complain that it lacked notice even if the complaint was mistakenly delivered to a person who was not authorized to accept service.").

Unlike *Arbitron*, McNeil remembers the specifics of her interaction with the process server and filed an affidavit — contradicting those filed by the process server — to that effect. And unlike *Tuebor Reit Sub LLC*, McNeil claims she did not collect the papers but that the server left them on her desk.  Fundamentally, however, the goal of New York's service statutes is to "give the corporation notice of the commencement of the suit."  *Fashion Page*, 50 N.Y.2d at 271.[2]  East Coast Power does not deny that it had such notice.  And despite the company's claims that only its in-house counsel is authorized to accept service (Dkt. No. 24-4 ¶ 5), in at least one other case another person has accepted service on behalf of East Coast Power (Dkt. No. 29-1).  Ultimately, because service was "made in a manner which, objectively viewed, is

---

[2] While the New York Court of Appeals was referencing service on corporations, such logic applies with equal force to limited liability companies like East Coast Power.

calculated to give the corporation fair notice," the Court concludes that service was proper. *Id*. at 273.

Nevertheless, East Coast Power moves to vacate the default judgment. "When a district court decides a motion to vacate a default judgment pursuant to the provisions of Rule 60(b), the court's determination must be guided by three principal factors: '(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice.'" *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166–67 (2d Cir. 2004) (citing *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)).

NextEra contends that the default was willful, as shown by the fact that East Coast Power's attorney began communications with NextEra's counsel on October 9, 2020 and continued until the court granted NextEra's motion for default judgment on October 20, 2020. (*See* Dkt. No. 30.) East Coast Power, meanwhile, argues that these conversations were "an attempt to find common ground to allow [East Coast Power] to file an Answer and properly defend this answer." (Dkt. No. 24-5 at 9.) This Court finds that, while East Coast Power could have filed an appearance sooner, the available communications do not indicate that it willfully defaulted.

With regard to the second factor, NextEra also contends East Coast Power has not offered a meritorious defense for its default, having provided no facts and leaving unchallenged all of NextEra's assertions in its complaint. "Whether a defense is meritorious is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *State St. Bank*, 374 F.3d 158 at 167. The Second Circuit has held that a meritorious defense is "key" in the Rule 60(b) analysis, and that

"the absence of such a defense is sufficient to support [a] district court's denial" of such motion. *New York v. Green*, 420 F.3d 99, 109 (2d Cir. 2005) (citation and quotation marks omitted). NextEra is correct:  East Coast Power has failed to show that it has a meritorious defense to the underlying breach of contract claim.  There are no facts in the record except those offered by NextEra.  Such absence weighs heavily against vacating the default judgment here.

Finally, NextEra claims it will be prejudiced by vacatur because "it would put NextEra at risk of losing a potential lien priority against [East Coast Power]'s creditors in the event of a bankruptcy."   (Dkt. No. 28 at 17.)  NextEra fears that East Coast Power may be judgment-proof before long.  The court finds this concern does constitute prejudice.

Ultimately, given East Coast Power's failure to offer a meritorious defense and the prejudice to NextEra should this Court vacate the default, the Court concludes that the equitable factors weigh in NextEra's favor.  Vacatur is not warranted.

## IV.    Conclusion

For the foregoing reasons, East Coast Power's motion to vacate the default judgment is DENIED.  East Coast Power's motion to stay the execution of the default judgment is DENIED as moot.

The Clerk of Court is directed to close the motion at Docket Number 24.

SO ORDERED.

Dated: July 26, 2021
       New York, New York

_____
                J. PAUL OETKEN
           United States District Judge

7